**UNITED STATES of America**

v.

**Eugene ROMERO, Stephanie Romero, Sharece Walker, Randall Cannon, and Ronald Carter, Defendants.**

**No. (S–2) 91 Cr. 586 (RPP).**

United States District Court, S.D. New York.

April 16, 1992.

Otto Obermaier, U.S. Atty., S.D.N.Y., Deborah Landis, Asst. U.S. Atty., New York City, for the Government.

Roger Bennet Adler, P.C., by Roger Bennet Adler, New York City, for defendant Ronald Carter.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

On March 11, 1992 defendant Ronald Carter moved (1) pursuant to Rule 14 of the Federal Rules of Criminal Procedure ("F.R.C.P.") for a severance; (2) pursuant to Rule 12(b)(3) of the F.R.C.P. and the Fifth and Sixth Amendments to the United States Constitution to suppress an admission allegedly made to federal law enforcement officers; and (3) pursuant to Rule 7(c)(1) and (2) of the F.R.C.P. striking all the overt acts contained in the indictment as surplusage.

Defendant Carter was arrested on December 27, 1991 at 9:22 a.m., and at 9:57 a.m. given written notice of his constitutional rights by a waiver form which he signed and was witnessed by two FBI agents. In an unsigned affidavit in support of his motion, the defendant stated, "The statement was obtained from me in an attempt to obtain my cooperation. I was not given, and I did not knowingly waive, my 5th Amendment right to remain silent or my 6th Amendment right to counsel." The original motion papers included no signed affidavit by the defendant made on personal knowledge. In reply papers, an affidavit of defendant was attached, acknowledging that he did sign the waiver but signed it without being advised of his constitutional rights. Accordingly, a hearing will be held at counsel's earliest convenience to determine the voluntariness of the statements made by the defendant in the ensuing interrogation.

■ Defendant's motion for a severance is denied. In its opinion and order of March 10, 1992, the Court articulated its reasons for denying severance motions by Stephanie Romero and Randall Cannon. 786 F.Supp. 1173. Defendant Carter's motion relies on the same arguments and authorities presented by those co-defendants. Mr. Carter's claim of prejudice by being a defendant in a trial for conspiracy in which there will be evidence of multiple murders when "he is not charged with having murdered anyone" is specious, since he is charged with having offered to kill two individuals whose activities posed a threat to the existence and success of the conspiracy (overt acts "o" and "ii"). Since several of the alleged killings are alleged to have occurred for the same purpose there will be little "unfair" prejudice by a joint trial. *United States v. Weisman*, 624 F.2d 1118, 1129 (2d Cir.), *cert. denied*, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 91 (1980); *United States v. Rucker*, 586 F.2d 899, 902 (2d Cir.1978). The principal witnesses as to the complicity of defendant Carter in the conspiracy are stated to be Joseph Pratt and Justine Roberts. The same witnesses will be the principal witnesses against the

other defendants. Accordingly, the requested severance would represent a duplication of effort and needlessly disadvantage the government, the Court and the public with lengthy repetitions of the same testimony.

■ Mr. Carter's second claim that he was not a member of the conspiracy because he was incarcerated for a lengthy period of the alleged conspiracy, is also insufficient grounds for severance. Defendant's incarceration during a substantial portion of the period charged in the conspiracy count does not necessarily effect a withdrawal or termination of that defendant's participation in a conspiracy. *Cf. United States v. Panebianco*, 543 F.2d 447, 453–54 and n. 5 (2d Cir.1976), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1128, 1129, 51 L.Ed.2d 553 (1977); *United States v. Borelli*, 336 F.2d 376, 389–90 (2d Cir.1964). Accordingly, the determination of the validity of that defense will have to await proof at trial. For these reasons and those set forth in the opinion and order of March 10, 1992, the motion for severance is denied.

■ The motion to strike the overt acts as surplusage is denied. The overt acts alleged in the indictment appear to be relevant to the conspiracy charged in the indictment and evidence of those acts is likely to be admissible. The language of the overt acts does not appear to be drafted in an inflammatory or prejudicial manner. *United States v. Napolitano*, 552 F.Supp. 465, 480 (S.D.N.Y.1982); *cf.* 1 Wright, *Federal Practice and Procedure* § 127, at 426 n. 25 (2d ed. 1982).

Defendant Ronald Carter and the other defendants are to be ready to select a jury and to commence trial on May 26, 1992 at 9:30 a.m.

IT IS SO ORDERED.